**David Alberto ARGUELLO–MARQUEZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–74812.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 10, 2010.*

Filed Sept. 1, 2010.

David Alberto Arguello–Marquez, La Puente, CA, pro se.

OIL, Kelly J. Walls, Esquire, Trial, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of The Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, HAWKINS, and IKUTA, Circuit Judges.

## MEMORANDUM **

David Alberto Arguello–Marquez, a native and citizen of Nicaragua, petitions pro

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to open, and review de novo claims of due process violations due to ineffective assistance of counsel. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We review de novo the legal question of whether a petitioner is a national of the United States. *Perdomo–Padilla v. Ashcroft,* 333 F.3d 964, 966 (9th Cir.2003). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Arguello–Marquez's motion to reopen because he failed to establish that his former counsel's representation resulted in prejudice. *See Iturribarria v. INS,* 321 F.3d 889, 899–900 (9th Cir.2003) (to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that counsel's conduct may have affected the outcome of the proceedings).

Arguello–Marquez's contention that he is a United States national by virtue of his registration for the Selective Service is foreclosed by *Perdomo–Padilla,* 333 F.3d at 969 (holding that "one may become a 'national of the United States' only through birth or by completing the process of becoming a naturalized citizen").

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

To the extent that Arguello–Marquez challenges the BIA's March 27, 2008, order dismissing his underlying appeal, we lack jurisdiction because the petition for review

ed by 9th Cir. R. 36–3.

is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**